UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, ) | | |
| ) | | |
| Plaintiff, ) | 03:06-CV-00527-LRH-RAM | |
| ) | | |
| v. ) | | |
| ) | ORDER | |
| BUREAU OF LAND MANAGEMENT AND ) | | |
| U.S. FISH AND WILDLIFE SERVICE, ) | | |
| ) | | |
| Defendants. ) | | |

Presently before the court is Plaintiff Western Watersheds Project's ("Western Watersheds") Motion for Temporary Restraining Order and /or Preliminary Injunction (# 6[1]). Defendants Bureau of Land Management and U.S. Fish and Wildlife Service ("Defendants") have filed an opposition.

Plaintiff Western Watersheds is a non-profit membership organization that is seeking to prevent the Defendants from implementing certain activities in the Spruce Mountain area of Elko County, Nevada. Western Watersheds argues that an injunction is necessary to prevent the Bureau of Land Management ("BLM") from eradicating hundreds of acres of native pinyon-juniper and sagebrush vegetation by chaining and prescribed burning. BLM authorized this vegetation eradication project pursuant to the Spruce Mountain Restoration Project. BLM opposes the

---

[1]Refers to the court's docket number.

issuance of an injunction and characterizes the Spruce Mountain Restoration Project as a "hazardous fuels reduction project" that will prevent a future large-scale wildfire.

The Ninth Circuit uses two alternative tests to determine whether a preliminary injunction should issue. According to the "traditional test," the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest. *Textile Unlimited, Inc. v. A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir.1980)). In the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir.2000)).

Here, Western Watersheds argues that BLM violated the National Environmental Policy Act ("NEPA") by, among other things, failing to allow public review and comment on the Spruce Mountain Restoration Project environmental assessment ("EA"). In opposition, BLM argues that NEPA does not require public comment on draft EAs.

"NEPA is a statute that aims to promote environmentally sensitive governmental decision-making, without prescribing any substantive standards." *Anderson v. Evans*, 314 F.3d 1006, 1016 (9th Cir. 2002), *amended and superseded on other grounds by* 371 F.3d 475 (9th Cir. 2004) (citing *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 353 (1989)). Pursuant to NEPA, a federal agency must prepare an Environmental Impact Statement ("EIS") for all "proposals for legislation and other major Federal actions significantly affecting the quality of the human

environment." 42 U.S.C. § 4332(2)(C); *Klamath-Siskiyou Wildlands Center v. bureau of Land Mgmt.*, 387 F.3d 989, 993 (9th Cir. 2004). "An EIS is a thorough analysis of the potential environmental impact that 'provide[s] full and fair discussion of significant environmental impacts . . . inform[s] decisionmakers and the public of the reasonable alternatives which would avoid or minimize adverse impacts or enhance the quality of the human environment.'" *Id.* (citing 40 C.F.R. § 1502.1).

As a preliminary step to preparing an EIS, "the agency may prepare an [EA] to determine whether the environmental impact of the proposed action is significant enough to warrant an EIS. *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 639 (9th Cir. 2004) (citing *Nat'l Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 730 (9th Cir. 2001)). "If the EA establishes that the agency's action 'may have a significant effect upon the environment' then an EIS must be prepared." *Id*.

In *Evans*, 314 F.3d at 1016, the Ninth Circuit, in *dicta*, interpreted NEPA regulations as requiring that the public "be given an opportunity to comment on draft EAs and EISs." The Ninth Circuit revisited this issue in *Citizens for Better Forestry v. U.S. Dep't of Agriculture*, and reiterated its earlier interpretation of NEPA regulations. 341 F.3d 961, 970 (9th Cir. 2003). However, the Ninth Circuit also noted that it had not "established a minimum level of public comment and participation required by the regulations governing the EA and FONSI [(finding of no significant impact)] process. . . ." *Id*. Although other circuits to address the issue have determined that public comment is not required on draft EAs, *Alliance to Protect Nantucket Sound, Inc. v. United States Dep't of Army*, 398 F.3d 105, 115 (1st Cir. 2005); *Greater Yellowstone Coalition v. Flowers*, 359 F.3d 1257, 1279 (10th Cir. 2004), this court is bound to follow the Ninth Circuit. In this instance, the Ninth Circuit has indicated that NEPA requires agencies to provide some level of public comment on draft EAs.

In the case at bar, BLM did provide notice to the public, including Western Watersheds, of

1  the Spruce Mountain Restoration Project approximately eight months prior to the final EA.
2  Nevertheless, it is undisputed that BLM did not give the public an opportunity to comment on the
3  draft EA prior to issuing its final decision.  Therefore, in light of *Evans* and *Citizens for Better*
4  *Forestry*, Western Watersheds has demonstrated the probability of success on the merits of its
5  claim.  In addition, the court finds that there is a significant possibility of irreparable harm to the
6  environment if a preliminary injunction is not granted.  Specifically, BLM will begin a process that
7  will destroy native vegetation and result in the displacement and/or direct mortality of small
8  mammals and birds in the project area.  For the foregoing reasons, the court finds that a
9  preliminary injunction should issue as Western Watersheds has demonstrated a combination of
10 probable success on the merits and the possibility of irreparable harm.

11      IT IS THEREFORE ORDERED that Plaintiff Western Watersheds Project's Motion for
12 Preliminary Injunction (# 6) is hereby GRANTED.

13      IT IS SO ORDERED.

14      DATED this 20th day of October, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE