1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7              DISTRICT OF NEVADA

8                                    * * *

9   WESTERN WATERSHEDS PROJECT,      )
                                     )
10                 Plaintiff,        )          3:06-cv-00527-LRH-RAM
                                     )
11   v.                              )
                                     )          ORDER
12   BUREAU OF LAND MANAGEMENT AND    )
     U.S. FISH AND WILDLIFE SERVICE,  )
13                                   )
                   Defendants.        )
14   _____ )

15         Presently before the court is plaintiff Western Watersheds Project's ("WWP") motion for

16   attorney's fees filed December 9, 2008. Doc. #77[1]. Defendants, the United States Department of the

17   Interior's Bureau of Land Management ("BLM") and the United States Fish and Wildlife Service

18   ("FWS"), filed an opposition on January 9, 2009. Doc. #83. On January 23, 2009, WWP filed its

19   reply. Doc. #84.

20   **I.     Facts and Procedural History**

21         In October 2003, BLM determined that two resource management plans ("RMPs")

22   governing the management of 7.5 million acres of public land near Elko, Nevada did not provide

23   adequate fire management for the area. *See* Doc. #64. BLM amended its RMPs and drafted

24   environmental assessments ("EA") of the environmental impact surrounding the amendments. *Id*.

25

26

_____

[1] Refers to the court's docket entry number.

1   The amended policies, the 2004 Elko and Wells Resource Management Plans Management

2   Amendment ("Elko") and the 2005 Spruce Mountain Restoration Project ("Spruce Mountain"),

3   provided for numerous pro-active vegetation treatments including burning, chaining, logging and

4   other eradication methods of substantial undergrowth across more than 18,000 acres. *See* Doc. #77.

5          On October 4, 2006, WWP filed a complaint for injunctive relief alleging that BLM and

6   FWS violated the National Environmental Policy Act ("NEPA") by failing to allow public review

7   and comment on the amended RMPs and draft EAs. Doc. #1. WWP alleged three separate causes

8   of action: (1) violation of NEPA in drafting the Elko amendment; (2) violation of the

9   Environmental Species Act ("ESA") in drafting the Elko amendment; and (3) violation of NEPA in

10  drafting the Spruce Mountain amendment. Doc. #1. WWP subsequently moved for a preliminary

11  injunction to prevent BLM from executing on the Spruce Mountain amended RMP. Doc. #6.

12         On October 20, 2006, this court granted WWP's preliminary injunction finding that "BLM

13  did not give the public an opportunity to comment on the draft [environmental assessment] prior to

14  issuing its final decision" as required by NEPA regulations. Doc. #14.

15         WWP's claims regarding the Elko amended RMP were ultimately dismissed on April 18,

16  2008, when this court granted BLM's cross-motion for summary judgment (Doc. #55) and denied

17  WWP's partial motion for summary judgment (Doc. #44). Doc. #64.

18         Subsequently, WWP voluntarily dismissed the remaining claim concerning Spruce

19  Mountain because the BLM postponed the project, withdrew the challenged EA, and stated it

20  would prepare a new EA if the amended plan was to move forward at a later date. Doc. ##71, 75.

21  Final judgment was entered on November 7, 2008. Doc. #76.

22         WWP now seeks attorney's fees pursuant to 28 U.S.C. § 2412. Doc. #77.

23  **II.    Discussion**

24         The Equal Access to Justice Act ("EAJA") authorizes the payment of fees and costs to a

25  prevailing party in an action against the United States. 28 U.S.C. § 2412. Specifically, "a court shall

26

award to a prevailing party other than the United States fees and other expenses...incurred by that party in a civil action, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A). Such fees shall be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*.

A motion for attorney's fees and costs pursuant to § 2412(d)(1)(A) must be filed within thirty (30) days after final judgment and include: (1) a showing that the applicant is a prevailing party; (2) that it is financially eligible under § 2412(d)(2)(b) to receive an award of fees and costs; (3) an itemized accounting of fees sought; and (4) an allegation that the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi,* 541 U.S. 401, 408 (2004).

Here, WWP's motion for fees is untimely and must be denied. "An application for attorney fees under 28 U.S.C. § 2412(d) is timely only if the applicant files no more than 30 days after final judgment." *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986). Final judgment was entered on November 7, 2008, (Doc. #76) and the present motion was not filed until December 9, 2008, thirty-two (32) days later (Doc. #77).

Section 2412(d)(1)(B) "establishes a clear date *after which* application for attorney fees must be rejected as untimely." *Auke Bay*, 779 F.2d at 1393 (emphasis in original). This deadline is strictly interpreted and enforced. *See e.g., Arulampalam v. Gonzalez*, 399 F.3d 1087, 1099 (9th Cir. 2005) (denying a motion for attorney's fees that was mailed to the court on the thirtieth day but filed a few days later); *Al-Harbi v. INS*, 284 F.3d 1080, 1082 (9th Cir. 2002) (holding that applications under the EAJA must be filed "within [thirty] days of final judgment"); *Columbia Mfg. Corp. v. NLRB*, 715 F.2d 1409, 1410 (9th Cir. 1983) (denying a fees application filed thirty-three days after final disposition). Accordingly, WWP's motion is untimely under 28 U.S.C. § 2412(d)(1)(B).

1    IT IS THEREFORE ORDERED that Western Watersheds Project's motion for attorney's

2    fees (Doc. #77) is DENIED.

3    IT IS SO ORDERED.

4    DATED this 25th day of August, 2009.

5

6                                                    _____

7                                                    LARRY R. HICKS
                                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4